IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF THOMAS J. SICALIDES' MOTION TO FILE AMENDED COMPLAINT

Defendant Hartford Casualty Insurance Company ("Hartford"), by and through its counsel, Duffy and Keenan, respond in opposition to Plaintiff Thomas J. Sicalides' ("Plaintiff") Motion to File Amended Complaint ("Motion") as follows:

1.  Denied. The term "this Complaint" is vague and undefined. By way of further response, Hartford admits that Plaintiff filed his original complaint in the Court of Common Pleas of Philadelphia County on April 15, 2002.

2.  Admitted.

3.  Admitted.

4.  Denied. Hartford is without sufficient knowledge as to the truthfulness of the allegations in this paragraph. Therefore, each and every allegation is denied. By way of further answer, Hartford is not aware of what Plaintiff's counsel has learned or when she allegedly learned it.

5. Denied. Hartford is without sufficient knowledge as to the truthfulness of the allegations in this paragraph. Therefore, each and every allegation is denied. By way of further answer, the allegations in this paragraph are purely speculation as admitted by the introductory phrase "It appears that...." Furthermore, Hartford denies that Plaintiff experienced any alleged "emotional distress" and/or that any alleged "emotional distress" was caused by Hartford.

6. Admitted in part; denied in part. It is admitted only that upon information and belief Plaintiff's counsel may have verbally informed Hartford's counsel that she was planning on filing a motion to amend. Any and all remaining allegations are denied. Plaintiff's counsel never advised Hartford's counsel that the intended motion would include a request to add a new claim for alleged negligence. By way of further response, Plaintiff's counsel's alleged verbal communications regarding the possible intended filing of a motion are not determinative

7. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, each and every allegation is denied. By way of further response, Hartford denies that Plaintiff experienced any alleged "financial and emotional distress damage." Hartford also denies that Plaintiff has any valid legal basis for seeking amendment to his Complaint.

WHEREFORE, Defendant Hartford Casualty Insurance Company respectfully requests that this Court deny Plaintiff Thomas J. Sicalides' Motion to Amend Complaint in its entirety.

Respectfully submitted,
DUFFY & KEENAN

By: _____
PATRICK J. KEENAN, ESQUIRE
Attorneys for Defendant,
Hartford Insurance Company
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pa 19106
215.238.8700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Patrick J. Keenan, Esquire hereby certify that on September 30, 2002, I served a copy of **Defendant Hartford Casualty Insurance Company's Response in Opposition to Plaintiff Thomas J. Sicalides' Motion to File Amended Complaint and accompanying Memorandum of Law** by U.S. mail, to the following counsel:

>Robin Gray, Esquire
>P.O. Box 4322
>Reading, PA 19606

>DUFFY & KEENAN

>BY: _____
>PATRICK J. KEENAN, ESQUIRE
>Attorney for Defendant, Hartford
>Casualty Insurance Company
>The Curtis Center, Suite 1150
>Independence Square West
>Philadelphia, Pa 19106
>215.238.8700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>: CIVIL ACTION NO.<br>: 02-CV-2937<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>: |

## ORDER

AND NOW, this _____ day of October, 2002, upon consideration of Plaintiff Thomas J. Sicalides' Motion to File Amended Complaint, and Hartford's response in opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion to File Amended Complaint is **DENIED** with prejudice in its entirety.

BY THE COURT:

_____
Clarence C. Newcomer, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF
THOMAS J. SICALIDES' MOTION TO FILE AMENDED COMPLAINT**

**I.  INTRODUCTION**

Plaintiff has not established any legally valid basis for moving to amend his complaint. He has filed no supporting memo of law in violation of the Federal Rules of Civil Procedures, such that Hartford is unable to decipher the alleged justification for the Motion. Furthermore, the negligence claim that Plaintiff seeks to amend is precluded due to the expiration of the statute of limitations. As will be detailed in the sections that follow, Plaintiff's Motion to File Amended Complaint is baseless and must be denied with prejudice in its entirety.

## II.    FACTS

Plaintiff is and/or was the president and principle of numerous companies, including, without limitation, TJS Brokerage & Co, Inc. ("TJS"), and the co-plaintiffs in this case, T&T Transportation, Inc., Michaels', Inc., and Millenium, Inc.

Over three years ago, on April 9, 1999, TJS allegedly experienced a vandalism claim. At the time of the claim, TJS was insured by Hartford. TJS made a claim for the alleged loss. Hartford initially paid the claim, but subsequent investigation revealed the claim to be inflated and/or fraudulent. TJS and Hartford have been and still are involved in ongoing separate litigation regarding the alleged vandalism in state court. TJS initiated the litigation against Hartford in December, 1999.

Apparently not satisfied with making the vandalism claim on behalf of TJS, over two years later, on April 15, 2002, Plaintiff filed this lawsuit claiming that he and his other companies were also allegedly impacted. Hartford contends that Plaintiff's claims are entirely baseless.

Now, Plaintiff's counsel claims to have allegedly "learned" of "personal monetary and, emotional damage." (See Plaintiff's Motion at ¶4.) It is on this basis that Plaintiff seeks to amend the complaint to not only add new damages, but also to add a negligence count against Hartford. As will be detailed below, there is absolutely no legally cognizable justification for Plaintiff's Motion, and it must be denied.

## III.    ARGUMENT

### A.    **Plaintiff's failure to follow the Eastern District's Local Rules of Civil Procedure justify denial of the Motion.**

Eastern District Local Rule of Civil Procedure 7.1(c) states as follows:

> Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g) [relating to routine motions to compel discovery answers], shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion.

Local Civil Rule 7.1(c). The pending Motion is not uncontested, as evidenced by Hartford's opposition. Moreover, it does not relate to a routine motion to compel discovery answers. Nevertheless, Plaintiff failed to file a brief in support of his Motion.

Without a brief, Hartford is forced to guess as the alleged legal contentions and authorities relied upon by Plaintiff to support his Motion. This is extremely unfair and prejudicial to Hartford. By way of example only, while Hartford can make certain arguments in opposition to Plaintiff's Motion (as it is doing in this Memo of Law), it is not able to specifically refute Plaintiff's alleged bases because it is not aware of them.

Plaintiff's failure to follow the Eastern District's Local Rule requiring a "brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion" require that the Motion be denied with prejudice in its entirety.

**B.   Plaintiff's failure to satisfy Federal Rule of Civil Procedure 15(a) warrant denial of the Motion.**

Federal Rule of Civil Procedure 15(a) states as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court...; and leave shall freely be given when justice so requires.

Fed. R.Civ.P. 15(a).

In this case, Hartford has filed its responsive pleading, so leave of court is necessary for Plaintiff to amend. Plaintiff conceded this issue by filing his Motion.

However, under Rule 15(a), permission to amend is only to be given "when justice so requires." There is absolutely no factual or legal basis for the Court to conclude that justice requires Plaintiff's requested amendment. In fact, the Motion is void of any legally cognizable reasons why it should be granted.

According to the Motion, <u>"Plaintiff's counsel</u> has learned" of alleged damages "not known <u>to Plaintiff's counsel</u> prior to this time." (See Plaintiff's Motion at ¶4 (emphasis added).) There is not even an allegation that Plaintiff himself just learned of any alleged damages. The only claim is that Plaintiff's counsel just learned new information. Hartford respectfully submits that Plaintiff's counsel's failure to learn of her client's alleged damages until now does not constitute a basis for giving Plaintiff authority to file an amended complaint.

Furthermore, as detailed above, Plaintiff has provided no brief or memo of law attempting to explain why he should be permitted to amend.

Hartford recognizes that leave to amend is to "freely be given," but this only applies "when justice so requires." Hartford respectfully submits that Plaintiff has established no reason why justice requires he be given permission to amend. Therefore, Plaintiff's Motion should be denied with prejudice in its entirety.

### C. **Granting Plaintiff permission to amend would be futile since the negligence claim Plaintiff proposes to add is barred by the statute of limitations.**

Case law interpreting Federal Rule of Civil Procedure 15(a) has established that futility of amendment justifies denial of leave to amend. <u>Jablonski v. Pan American World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir. 1988). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." <u>Id</u>.

In <u>Jablonski</u>, the Third Circuit Court of Appeals refused to reverse the District Court's decision precluding plaintiff from amending his complaint. <u>Id</u>. According to the Third Circuit, Jablonski's proposed amendment was barred by Pennsylvania's statute of limitations. <u>Id</u>. "Consequently, amendment of the original complaint in the tort action would have been futile

because the amended complaint could not withstand a renewed motion for judgment on the pleadings." Id.

In this case, Plaintiff proposes to amend his complaint to allege a negligence cause of action. According to the complaint, the alleged negligence occurred in 1999 - over two years ago. Under Pennsylvania law, the statute of limitations for negligence is two years. 42 Pa. C.S.A. §5524(2). Therefore, any negligence claim is time barred by the applicable Pennsylvania statute of limitations.

As in Jablonski, permitting Plaintiff to amend would be futile because the proposed amendment could not withstand a motion to dismiss or a motion for judgment on the pleadings. Therefore, Plaintiff's Motion must be denied with prejudice in its entirety.

### D.     **Hartford will be unduly prejudiced if Plaintiff is permitted to amend**.

Another justification for denying Plaintiff's Motion is the undue prejudice that will befall Hartford if Plaintiff is permitted to amend. Jablonski, 863 F.2d at 292. According to the Court's scheduling order, the parties have only one more month to conduct discovery and less than one month to file dispositive motions. If Hartford had been aware of the information in Plaintiff's proposed amended complaint, Hartford would have been collecting Plaintiff's medical records and would have scheduled a psychiatric independent medical examination of Plaintiff in order to try to substantiate Plaintiff's claims. Plaintiff's delay in seeking the amendment has made it impossible for Hartford to conduct this necessary discovery within the allotted time frame. Additional prejudice arises from the fact that Plaintiff has filed this Motion approximately one week before Plaintiff's scheduled deposition.

IV.     **CONCLUSION**

For the reasons set forth above and in the accompanying response to Plaintiff's Motion, Defendant Hartford Casualty Insurance Company respectfully requests that this Court deny Plaintiff Thomas J. Sicalides' Motion to File Amended Complaint with prejudice in its entirety.

 

Respectfully submitted,

DUFFY & KEENAN


By: _____
PATRICK J. KEENAN, ESQUIRE
Attorneys for Defendant,
Hartford Insurance Company
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pa 19106
215.238.8700