IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas J. Sicalides, et. al., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
|     v. | : | |
| Hartford Casualty Insurance Company, | : | |
|     Defendant. | : | NO. 02-2937 |

**O R D E R**

AND NOW, this      day of October, 2002, upon consideration of Plaintiffs' Motion for Leave to Amend the Complaint (doc. 8), and Defendant's response thereto (doc. 9), said Motion is DENIED in part, and GRANTED in part. The requested leave of court for purposes of adding an additional negligence claim is DENIED. The Plaintiffs are, however, GRANTED leave to amend paragraphs 64 and 72 of the complaint.

Denial of leave is proper in this case because the negligence claim that Plaintiffs seek to add is barred by the statute of limitations, and thus, is futile. Federal Rule of Civil Procedure 15(a) instructs a district court to grant leave "when justice so requires." Fed.R.Civ.P. 15(a)(West 2002). Justice does not require granting leave when the proposed amendment seeks to add a futile claim. Foman v. Davis, 371 U.S. 178, 182(1962). A claim is futile if the statute of limitations on that claim has expired. Jablonski v. Pan American Airways, Inc., 863 F.2d 289, 292(3d Cir. 1988).

The negligence claim contained in Plaintiffs' proposed amended complaint is barred by Pennsylvania's two-year statute of

1

limitations for tort actions.[1]  The proposed amendment alleges that Defendant was negligent during its investigation of Plaintiff Thomas Sicalides.  According to the original complaint, Defendant's investigation ended in late 1999.  Accordingly, the statute of limitations on any tort action arising out of this investigation ran well before the Spring, 2002, filing of this action.  In their motion to amend, Plaintiffs offered neither an argument that the negligence claim was timely, nor a reason why the statute should have been tolled.  Therefore, the Court denies Plaintiffs' request to add this apparently futile claim.

In their motion, Plaintiffs also sought to amend two paragraphs of their complaint to increase the amount of damages claimed.  Because Defendant has already conducted discovery on the issue of damages, changing the amount alleged will not prejudice Defendant, nor will it cause any undue delay of the litigation.  Finding no compelling reason to deny leave to amend these paragraphs, the Court grants this portion of the motion.

AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.

---

[1] The Court is skeptical as to whether the claim alleged by Plaintiffs is actually a negligence claim. Plaintiffs allege that Defendant made "false and misleading statements" about a Plaintiff. This appears to be more properly considered a defamation claim, which in Pennsylvania is governed by a one-year statute of limitations. This distinction is not necessary to the disposition of this motion, however, because regardless of which type of claim Plaintiffs are seeking to add, that claim is time barred.