IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>:<br>: CIVIL ACTION NO.<br>: 02-CV-2937<br>:<br>:<br>:<br>: |

# O R D E R

AND NOW, this _____ day of _____, 2002, upon consideration of the motion for summary judgment of defendant, Hartford Casualty Insurance Company, and the response thereto by plaintiffs, it is hereby **ORDERED** that defendant's motion is **GRANTED**, and that summary judgment is entered in favor of defendant and against plaintiffs, Thomas J. Sicalides, T&T Transportation, Michaels, Inc. and Millennium, Inc..

BY THE COURT:

_____  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES <br> T&T TRANSPORTATION <br> MICHAELS, INC. <br> MILLENNIUM, INC. <br><br> vs. <br><br> HARTFORD CASUALTY INSURANCE COMPANY | : <br> : <br> : CIVIL ACTION NO. <br> : 02-CV-2937 <br> : <br> : <br> : <br> : |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT,
HARTFORD CASUALTY INSURANCE COMPANY**

Defendant, Hartford Casualty Insurance company, through its attorneys, Duffy & Keenan, herein moves for summary judgment against all claims of plaintiffs, Thomas Sicalides, T&T Transport, Michaels, Inc. and Millennium, Inc.  As is more fully set forth in its supporting memorandum of law, defendant is entitled to summary judgment on plaintiffs' claims for breach of contract and bad faith arising from a commercial property insurance policy issued by defendant. Plaintiffs' claims arise from alleged physical loss or damage to property that occurred on April 2, 1999, and plaintiffs' claims are barred by the contractual two year limitation of suit provision in the policy as well as the two year statute of limitations for bad faith claims. Moreover, plaintiffs are collaterally estopped from pursuing a claim for bad faith against defendant based upon a compulsory nonsuit entered in favor of Hartford and against TJS Brokerage & Company, Inc. in the action filed as <u>TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company</u>, in the Court of Common Pleas, Philadelphia County.

WHEREFORE, defendant, Hartford Casualty Insurance Company, respectfully requests that this Honorable Court enter summary judgment in its favor and against plaintiffs.

        Respectfully submitted,

        DUFFY & KEENAN

By: _____
     PATRICK J. KEENAN, ESQUIRE
     Attorney for Defendant,
     Hartford Casualty Insurance Company
     The Curtis Center, Suite 1150
     Independence Square West
     Philadelphia, Pa 19106
     215.238.8700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

This is an action for breach of contract and bad faith arising from a commercial property insurance policy issued by defendant Hartford Casualty Insurance Company ("Hartford") to plaintiffs, Thomas Sicalides, T&T Transportation, Michaels, Inc., and Millennium, Inc. ("plaintiffs"). Plaintiffs claim that they sustained loss of business income due to vandalism damage at their business premises on April 2, 1999. Hartford is entitled to summary judgment since plaintiffs' action is time barred. The insurance policy required plaintiffs to file suit "within 2 years after the date on which the direct physical loss or damage occurred." There is also a two year statute of limitations for bad faith actions in Pennsylvania. Since plaintiffs' causes of action occurred more than two years before this suit was filed on January 3, 2002, they are time barred.

In addition, plaintiffs' bad faith action is barred by collateral estoppel. Plaintiffs are in privity with TJS Brokerage & Company, Inc., which had fully litigated a bad faith action against Hartford in state court based upon the same events alleged in this case. The trial court granted Hartford a compulsory nonsuit in that state action and that decision estopps the present action.

II.     **FACTUAL BACKGROUND**

According to the complaint, plaintiff Thomas Sicalides is the owner of TJS Brokerage & Company, Inc. ("TJS"), which is a transportation brokerage company located at 4940 Disston Street in Philadelphia, Pennsylvania. (Plaintiffs' complaint, ¶2 & 9, attached hereto as **Exhibit A**). TJS is not a party in this action. Plaintiff Sicalides is also the "part owner" of plaintiffs T&T Transportation, Michaels, Inc., and Millennium, Inc., which he "set up" to be "run in conjunction with TJS...." (Plaintiffs' complaint, ¶11). They are "subcompanies" of TJS. (Plaintiffs' complaint, ¶12, 13, 25).

On April 2, 1999, plaintiffs allege that the property of TJS was vandalized by Vincent Sicalides, and that various "computer equipment" was destroyed. (Plaintiffs' complaint, ¶12). The alleged vandalism "resulted in a significant shutdown and interruption of TJS' and the Plaintiff sub companies' operations." (Plaintiffs' complaint, ¶28). This allegedly caused "TJS and the plaintiff subcompanies" to suffer a loss of business income. (Plaintiffs' complaint, ¶35).

At the time of the alleged vandalism, TJS and plaintiffs were insured by a commercial property insurance policy, no. 39 UUCLE 4914, that was in effect from June 18, 1998 to June 18, 1999. (Plaintiffs' complaint, ¶14; commercial property insurance policy (no. 39 UUCLE 4914), attached hereto as **Exhibit B**). Plaintiffs claim that Hartford received notice of the loss on April 5, 1999. (Plaintiffs' complaint, ¶40). Plaintiffs allege that Hartford paid approximately $594,000 "in advance for certain property damage and lost business income." (Plaintiffs' complaint, ¶71). Plaintiffs further allege that "Hartford unilaterally stopped paying on the claim in June 1999...." (Plaintiffs' complaint, ¶46).

On December 22, 1999, TJS filed suit against Hartford in the Philadelphia Court of Common Pleas. (The complaint filed by TJS ("TJS' complaint") is attached hereto as **Exhibit C**). As president of TJS, plaintiff Thomas Sicalides verified the complaint filed by TJS on December 21,

1999. (See verification attached to TJS' complaint, **Exhibit C**). The allegations in the complaint filed by TJS generally mirror those in the complaint filed in this action. In fact, TJS' complaint states that T&T Transport, Michaels, Inc., and Thomas Sicalides are "[o]ther entities entitled to the insurance coverage provided by the Hartford Policy...." (TJS' complaint, ¶15). However, T&T Transport, Michaels, Inc., Millennium and Thomas Sicalides were not named as parties in the suit filed by TJS.

During the trial of the state court action, TJS' counsel actually attempted to introduce evidence of business income losses allegedly sustained by T&T Transport and Michaels. (Trial transcript, 11/29/01, TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company, p. 8-9, 27-28, attached hereto as **Exhibit D**). However, the court precluded the evidence since neither T&T Transport or Michaels were parties. (Id.).

In the breach of contract action filed by TJS, the trial court granted Hartford a compulsory nonsuit and judgment notwithstanding the verdict on all of TJS' claims except for loss of business income. (Trial transcript, 11/29/01, TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company, p. 91-97, 100-101). TJS was awarded $650,000 for its business income loss claim by the jury. (Trial transcript, 12/3/01, TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company, p. 96, attached hereto as **Exhibit E**). That award is presently on appeal with the Superior Court.

Moreover, on July 26, 2002, the trial court granted Hartford's motion for a compulsory nonsuit on TJS' claim for bad faith under 42 Pa. C.S. §8371. (Memorandum Opinion and Order dated July 26, 2002 in TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company, attached hereto as **Exhibit F**). The court found that Hartford had a good faith basis for denying TJS' insurance claim based upon fraud. In particular, the court found that Hartford had a reasonable basis for believing that TJS misrepresented several material facts regarding its claim

including, inter alia, (a) the whereabouts of the claimed vandal after the incident, (b) that TJS did not have undamaged computer back up tapes that contained its financial information, (c) the amount TJS paid to replace a damaged phone switch, and (d) the manner in which the alleged vandalism loss occurred.  (**Exhibit F** at 5).

### III.  ARGUMENT

#### A.  Standard For Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The Supreme Court has explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the parties case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 191 L. Ed. 2d 265 (1986).  The moving party is responsible for informing the court of its claim and demonstrating the absence of a genuine issue of material fact, but the movant need not support its motion with material "negating the opponent's claim."  Celotex, 477 U.S. at 323, 106 S.Ct. at 2552.

Before a court will find that a dispute about a material fact is genuine, there must be sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  Hence, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L. Ed. 2d 538 (1986).  A party opposing the motion must come forward with specific facts.  Id.  Thus, the moving party is entitled to summary judgment, as a matter of law, when the "non-moving party has failed to make a sufficient showing

on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552.

### B. Hartford Is Entitled To Summary Judgment On Count I (Breach Of Contract) Of The Complaint Since The Claim Is Time Barred

The insurance policy issued by Hartford to plaintiffs includes the Commercial Property Conditions Form. That policy form provides inter alia:

> **D.  LEGAL ACTION AGAINST US**
> No one may bring a legal action against us under this Coverage Part unless:
> 1. There has been full compliance with all of the terms of this Coverage Part; and
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

(Commercial Property Conditions Form, CP 00 90 07 88, ¶D, p. 1 of 2, attached as part of **Exhibit B** and separately attached by itself as **Exhibit G**). Plaintiffs filed this action against Hartford on January 3, 2002 by writ of summons in the Court of Common Pleas, Philadelphia County. (See writ of summons attached hereto as **Exhibit H**). In order for this action to have been timely filed, the "direct physical loss or damage" must have occurred on or after January 3, 2000. Plaintiffs' action is time barred since the direct physical loss or damaged occurred on April 2, 1999. (Plaintiffs' complaint, ¶23, **Exhibit A**).

In Pennsylvania, suit against an insurer is barred if filed beyond the contractual period of limitations contained within the insurance policy. Schreiber v. Penn Lumberman's Mut. Ins. Co., 598 Pa. 21, 24, 444 A.2d 647, 649 (1982); Lardas v. Underwriters Insurance Co., 426 Pa. 47, 231 A.2d 740 (1962); Julie Lyons v. Nationwide Insurance Company, 390 Pa. Super. 25, 567 A.2d 1100 (1989); Williams Studio v. Nationwide Mutual Fire Insurance Company, 550 A.2d 1333, 1335 (Pa. Super. 1988); Caln Village Assoc., L.P. v. The Home Indemnity Co., 75 F. Supp. 2d 404, 409 (E.D. Pa. 1999); Hamilton Bank v. Export-Import Bank of U.S., 634 F. Supp. 195, 201-202 (E.D. Pa.

1986) (Pennsylvania law applied); Laughton v. Chester County Mutual Insurance Company, 641 F. Supp. 40, 41 (E.D. Pa. 1985) (Pennsylvania law applied). The validity of a limitation of action provision in the policy is consistent with Pennsylvania statute. Section 636(2) of Title 40 mandates that all fire policies contain a one year limitation of suit provision. See 40 Pa. C.S.A. §636(2). Furthermore, 42 Pa. C.S.A. § 5501(a) provides that contractual limitation of suit provisions, which are shorter than an applicable statute of limitations, are valid so long as they are not manifestly unreasonable.[1] Thus, the courts have routinely enforced limitation of suit provisions in insurance policies. Lardas, 231 A.2d at 741 ("That [a one year suit limitations] clause is valid and reasonable has long been recognized."); Caln Village Assoc., L.P., 75 F. Supp. 2d at 410 ("[A] two year [limitation] period is not manifestly unreasonable."). Moreover, an insurer does not need to show prejudice in order to enforce the limitation of suit provision. Hospital Support Services, Ltd. v. Kemper Group, Inc., 889 F.2d 1311, 1316 (3d Cir. 1989); Caln Village Assoc., L.P., 75 F. Supp. 2d at 410.

The policy's two year limitation period "runs from the date of the occurrence of the destructive event or casualty insured against." General State Authority v. Planet Insurance Company, 464 Pa. 162, 346 A.2d 265, 267 (1975). The limitation period does not run from the date the insured discovers the loss. Id. This is because a loss occurs whether or not the insured knows of it. Id. In General State Authority, the insured's rental property was destroyed by fire on January 2, 1969, but it was unaware of the loss until May 10, 1971. After the claim was denied by its insurer, the insured filed suit on November 11, 1971. The policy required the insured to file suit "within twelve months next after inception of the loss." The insured argued that the one year should

---

[1] The statute provides: "An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless in the case of an action or proceeding a different time is provided by this title or another statute, or in the case of a civil action or proceeding, a shorter time which is not manifestly unreasonable is prescribed by written agreement." 42 Pa. C.S.A. §5501(a).

be measured from the date of discovery. In rejecting this argument, the Supreme Court held that a loss occurs and has its inception whether or not the insured knows of it. Id. at 268. Accord Toledo v. State Farm Fire & Casualty Co., 810 F. Supp. 156, 157 (E.D. Pa. 1992).

Furthermore, the Hartford policy provision states that suit must be "brought within two years after the date on which the direct physical loss or damage occurred." For insurance purposes, damages "occur" when they "first manifest themselves in a way that could be ascertained by reasonable diligence." D'Auria v. Zurich Insurance Company, 352 Pa. Super. 231, 507 A.2d 857, 862 (1986); Keystone Automated Equipment v. Reliance Insurance Company, 369 Pa. Super. 472, 535 A.2d 648, 651 (1988); City of Erie v. Guaranty National Insurance Company, 109 F.3d 156, 162 (3d Cir. 1997); Appalachian Insurance Company v. Liberty Mutual Insurance Company, 676 F.2d 56, 62 (3d Cir. 1982); Caln Village Assoc., L.P., 75 F. Supp. 2d at 411 ("[T]he time or date the direct physical damage or loss occurs for purposes of the suit limitations clauses at issue here is ascertained by determining when the injurious effects first manifest themselves in a way that would put a reasonable person on notice of injury."). This trigger applies even if the damage "would continually worsen." D'Auria, 507 A.2d at 862; Appalachian Insurance Company, 676 F.2d at 62-63.

Therefore, in order for this action against Hartford to have been timely, the first manifestation of plaintiffs' physical loss or damage must have been on or after January 3, 2000. However, it is uncontroverted that the physical loss or damage to the plaintiffs' property occurred on April 2, 1999, which was the date of the alleged vandalism. This was more than two years before plaintiffs filed this action on January 3, 2002. Accordingly, Count I of plaintiffs' complaint for breach of contract is untimely, and Hartford is entitled to summary judgment.

C.  **Hartford Is Entitled To Summary Judgment On Count II (Statutory Bad Faith, 42 Pa. C.S.A. §8371) Of The Complaint Since The Claim Is Time Barred**

In Count II of the complaint filed on January 3, 2002, plaintiffs allege that Hartford acted in bad faith by (a) delaying its coverage decision, (b) ignoring its obligation to pay plaintiffs, (c) failing to advise plaintiffs of their rights, (d) making misrepresentations, (e) forcing plaintiffs into litigation, (f) acting in opposition to plaintiffs' interests, and (g) violating the Unfair Insurance Practices Act. (Plaintiffs' complaint, ¶84(a)-(g), **Exhibit A**). These allegations mirror those in the complaint filed by TJS in state court on December 22, 1999 - - more than two years before this action was filed. (TJS complaint, Count IV, ¶105(a)-(g), **Exhibit C**). The claims of bad faith in both complaints arise from the allegation that Hartford stopped paying or adjusting any claims arising from the alleged vandalism in June 1999 - - also more than two years prior to the commencement of this suit. (Plaintiffs' complaint, ¶46; trial transcript, 11/27/02, <u>TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company</u>, p. 10, 30, attached hereto as **Exhibit I**).

According to Count II of the complaint, plaintiffs have brought their claims of bad faith pursuant to 42 Pa. C.S.A. §8371. (Plaintiffs' complaint, ¶85). Section 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1)   Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2)   Award punitive damages against the insurer.
> (3)   Assess court costs and attorney fees against the insurer.

42 Pa. C.S.A. §8371. An action filed under Section 8371 is considered a tort, and the applicable statute of limitations is two years. <u>Trujillo v. State Farm Mutual Automobile Insurance Company</u>, 2002 Pa. Super. 280, 2002 Pa. Super. LEXIS 2599 (Pa. Super., September 3, 2002); 42 Pa. C.S.A. §5524(7).

Thomas Sicalides is the sole owner of TJS Brokerage & Company, T & T Transport, Michaels Transportation and Millennium. (See deposition of Thomas Sicalides ("Sicalides dep.") at 24-26, 73-74, attached hereto as **Exhibit J**). Mr. Sicalides testified that "in the final analysis, I own it all, I am responsible for it all...." (Sicalides dep. at 73-74). All of the companies allegedly operated at 4940 Disston Street in Philadelphia. (Plaintiffs' complaint, ¶2-5, **Exhibit A**). In presenting the claims to Hartford for losses allegedly arising from the incident on April 2, 1999, "TJS was acting as the first insured on behalf of all of the companies." (Sicalides dep. at 74-75). In December 1999, Mr. Sicalides filed a lawsuit in the name of TJS against Hartford in the Court of Common Pleas, Philadelphia County. (Sicalides dep. at 161; see also **Exhibit C**). Mr. Sicalides claims that he filed the suit because Hartford began "stonewalling" the claims of all the named insureds on June 17, 1999. (Sicalides dep. at 161-164). As of June 1999, Mr. Sicalides claims that Hartford stopped adjusting or paying any claims relating to the alleged vandalism incident. (Plaintiffs' complaint ¶46; Sicalides dep. at 173-174, 181-182; trial transcript, 11/27/02, <u>TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company</u>, p. 10 & 30). By the time Mr. Sicalides filed suit against Hartford in December 1999, he claims to have believed that Hartford "stopped adjusting the claim for everybody...They deliberately put the companies out of business." (Sicalides dep. at 176-177).

Plaintiffs did not file this bad faith claim until January 3, 2002. Thus, in order for plaintiffs' bad faith claim to have been timely filed, the alleged bad faith conduct had to occur on or after January 3, 2000. However, the alleged bad faith refusal by Hartford to adjust or pay plaintiffs' claims occurred as early as June 17, 1999, and TJS even sued Hartford as the "first insured" for such alleged conduct in December 1999. Since this suit was filed more than two years after the alleged bad faith occurred, plaintiffs' action is time barred. Accordingly, Hartford is entitled to summary judgment on Count II of the complaint.

**D.  Hartford Is Entitled To Summary Judgment On Count II (Statutory Bad Faith, 42 Pa. C.S.A. §8371) Of The Complaint Since The Plaintiffs Are Collaterally Estopped From Asserting The Claim**

Even assuming <u>arguendo</u> that plaintiffs' bad faith claim were timely, plaintiffs are bound by the compulsory nonsuit entered in the bad faith action filed by TJS against Hartford in state court. In that action, the court found that Hartford had *not* acted in bad faith in its handling of TJS' vandalism claim. In particular, the court found that "even if the court gives TJS the benefit of all reasonable inferences arising from the evidence it provided, TJS has still failed to establish the necessary elements to maintain a bad faith claim." (Opinion in <u>TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company</u> dated July 26, 2002, p. 5, **Exhibit F**). The court further concluded:

> Although TJS has failed to show that Hartford lacked a reasonable basis, Hartford on the other hand, has successfully shown that it had several reasonable bases to deny benefits. Pursuant to the insurance policy TJS had with Hartford, the coverage provided is void:
>
>> [I]n any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>>
>> 1.  This Coverage Part;
>> 2.  The Covered Property;
>> 3.  Your interest in the Covered Property; or
>> 4.  A claim under this Coverage Part.
>
> Def's Mem. of Law at 5 (citing Exh. D-549, Commercial Property Conditions Form (CP 00 90 07 88), Section A, p. 1 of 2). After an investigation, Hartford denied benefits as it concluded that TJS had misrepresented several material facts including, <u>inter alia</u>, the whereabouts of Vincent Sicalides, absence of computer back up tapes, the amount TJS paid Sprint for the new phone switch, and the manner in which the vandalism loss occurred. Def's Mem. of Law at 7. As discussed below, this court agrees with Hartford and holds that it had several reasonable bases for denying benefits to TJS.

(<u>Id</u>.). The misrepresentations that Hartford reasonably believed had been made were by Thomas Sicalides. (<u>Id</u>. at 7 & 10).

Issue preclusion, also known as collateral estoppel, proscribes relitigation when the identical issue has already been fully litigated, and it applies when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party to or in privity with a party to the prior litigation; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. Board of Trustees of Trucking Employees v. Centra, 983 F.2d 495, 505 (3d Cir. 1992)[2]. Each of these elements applies here.

1.   Identity Of Issues

The controlling issue in this bad faith claim was previously decided in the bad faith action filed by TJS against Hartford in state court. That issue is whether Hartford had a reasonable basis for denying coverage for all claims under the insurance policy based upon Hartford's belief that the policy had been voided due to material misrepresentations made by TJS and Thomas Sicalides. This issue is generally controlling because in order to recover for a claim of bad faith, the plaintiff must show through clear and convincing evidence that "the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." Terletsky v. Prudential Property and Casualty Insurance Company, 437 Pa. Super. 108, 649 A.2d 680, 688 (1994); Williams v. Nationwide Mutual Insurance Co., 750 A.2d 881, 887 (Pa. Super. 2000); Keefe v. Prudential Property & Casualty Insurance Co., 203 F.3d 218, 225 (3d Cir. 2000). The court in the previous action decided this controlling issue in favor of Hartford, and that decision should control that issue in this case.

---

[2]   Claim preclusion, also known as res judicata, gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding. Board of Trustees of Trucking Employees v. Centra, 983 F.2d 495, 504 (3d Cir. 1992). Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action. Id.

That issue is controlling in this particular case since a material misrepresentation by TJS not only voided the policy as to TJS, but it also voided the policy for all named insureds including Thomas Sicalides, T&T Transport, Michaels and Millennium. The policy expressly states that the policy is "void if you or any other insured, at any time, intentionally concealed or misrepresented a material fact...." (Commercial Policy Conditions, ¶D, **Exhibit B**). Under Pennsylvania law, where an insurance policy bars recovery for the fraud, intentional acts or neglect of "an insured" or "any insured", all insureds are barred from recovery if one of the co-insureds commits fraud or violates the fraud provision in the policy. See McAllister v. Millville Mutual Insurance Company, 433 Pa. Super. 330, 640 A.2d 1283, 1288-89 (1994), appeal denied 651 A.2d 540 (Pa. 1994); Kundahl v. Erie Insurance Company, 703 A.2d 542, 544-545 (Pa. Super. 1997); Spezialetti v. Pacific Employees Insurance Company, 759 F.2d 1139, 1141-1142 (3d Cir. 1985).

TJS and the plaintiffs are all co-insureds under the insurance policy. (Plaintiffs' complaint, ¶15-16, **Exhibit A**). The court in the previous state court action held that Hartford had a good faith basis for concluding that the policy had been voided by TJS' and Thomas Sicalides' violation of the "Misrepresentation, Concealment and Fraud" provision. (Opinion of the court dated July 26, 2002, p. 7-8, 11, **Exhibit F**). Since Hartford had a good faith basis for believing that the policy was void, plaintiffs in this action cannot claim that Hartford acted in bad faith by failing to pay their claims. Again, Hartford did not pay any claims arising from the alleged vandalism loss based upon a violation of the "Misrepresentation, Concealment and Fraud" provision in the policy, and the state court has already made a final determination that Hartford's decision was not bad faith. Thus, plaintiffs are collaterally estopped from challenging that controlling decision in this case.

  2. There Was A Final Judgment On The Merits

The Order and Opinion entered by the state court in TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company was a final judgment on the merits. The order granted a

compulsory nonsuit to Hartford, and the court subsequently denied TJS' motion for post trial relief. (See Order denying TJS' motion for post-trial relief dated September 19, 2002, attached hereto as **Exhibit K**). Moreover, for the purposes of collateral estoppel, a judgment is deemed final unless and until it is reversed. See McGinley v. Haiko, 2002 Bankr. LEXIS 5761 at *18 (E.D. Pa., May 14, 2002); Schaffer v. Smith, 543 Pa. 526, 673 A.2d 872, 874 (1996). Therefore, this element of collateral estoppel also applies here.

### 3. Plaintiffs Were In Privity With TJS In The State Court Action

In the state court action, the court addressed the issue of Hartford's alleged bad faith in the context of the same insurance policy (policy no. 39 UUCLE 4914), insured location (4940 Disston Street), and loss (alleged April 2, 1999, vandalism) that are the subject of this action. Although the plaintiffs were not parties to the prior action, they were in privity with the prior plaintiff, TJS. The courts have found privity to exist in at least three circumstances: (1) where the non-party has exceeded to, or shares a concurrent right to the party's interest in, property; (2) where the non-party controlled the prior litigation; or (3) where the party adequately represented the non-party's interest in the prior proceeding. First Options Chicago, Inc. v. Kaplan, 913 F.Supp. 377, 383 (E.D. Pa. 1996). The privity inquiry should be flexible enough to acknowledge the realities of the party's relationships. Id. at 384. Each of these circumstances apply here.

TJS shared with plaintiffs a concurrent right to the benefits of the insurance policy issued by Hartford. They are all co-insureds. (Plaintiffs' complaint ¶15-16, **Exhibit A**). Plaintiffs further allege that they and TJS all had an insurable interest in the damages and loss to property caused by the alleged vandalism. (Plaintiffs' complaint ¶15-17, 23, 26, 32, 35). Ultimately, all of the companies belonged to and were the responsibility of Thomas Sicalides, and he thus claims to have owned all of the damaged property. (Sicalides dep. at 73-74, **Exhibit J**). Moreover, in presenting the claims to Hartford and subsequently filing suit against Hartford, TJS acted as the

"first insured" on behalf of all of the named insureds including the plaintiffs. (Sicalides dep. at 74-75).

Thomas Sicalides also controlled the prior litigation. The "TJS" of TJS Brokerage & Company, Inc. stands for Thomas J. Sicalides. He is the sole owner of TJS, and he is also the only beneficiary of any recovery TJS obtained from Hartford in the prior action. (Sicalides dep. at 24). Mr. Sicalides is also the sole owner of T&T Transport, Michaels and Millennium. (Sicalides dep. at 25-26). Mr. Sicalides retained counsel, authorized the filing of suit by TJS against Hartford in December of 1999, signed the verification to the complaint in the prior action, and oversaw the litigation for TJS. (Sicalides' dep. at 161; verification to TJS' complaint, **Exhibit C**).

In addition, TJS adequately represented plaintiffs' interest in the prior proceeding. TJS had a paramount interest in proving that Hartford acted in bad faith by denying any claims arising from the alleged vandalism loss on the grounds that TJS and Thomas Sicalides violated the "Misrepresentation, Concealment and Fraud" provision. Since TJS' losses far exceeded those of the plaintiffs, TJS' interests in proving that allegation exceeded those of the plaintiffs. However, it having been determined by the state court that Hartford did not act in bad faith, plaintiffs cannot extricate themselves from that holding.

This case is analogous to Kellner v. Royal Indemnity Company, 605 F.Supp. 322 (M.D. Pa. 1982), in which plaintiffs had entered into a lease-purchase agreement for their building, and the tenant/buyer obtained an insurance policy for the building that named plaintiffs as additional insureds. After the building was damaged by fire, the tenant/buyer sued Royal for coverage in state court, and Royal prevailed in that action when the jury found that the tenant/buyer conspired with an arsonist to set the fire. Plaintiffs filed a separate action against Royal in federal court. In granting summary judgment to Royal, the court held that plaintiffs' action was barred by the

doctrine of collateral estoppel. Id. at 326. In doing so, the court found that plaintiffs were "in privity with [the tenant/buyer] at the outset by virtue of the purchase and sale agreement...." Id. at 325.

Similarly, plaintiffs were in privity with TJS with respect to the insurance policy issued by Hartford. They were all co-insureds for the same insured premises and property, and each claimed a concurrent insurable interest in the damaged property resulting from the alleged vandalism claim. Moreover, each party agreed in the insurance policy that if any one of the insureds violated the "Misrepresentation, Concealment or Fraud" provision, the policy would be void. Therefore, there was privity between TJS and the plaintiffs for the purpose of the doctrine of collateral estoppel.

### 4. The Issue Of Hartford's Bad Faith Was Fully And Fairly Litigated In The Prior Action

Through TJS, the plaintiffs had a full and fair opportunity to litigate Hartford's alleged bad faith. In particular, plaintiffs had a full and fair opportunity to litigate whether Hartford acted in bad faith by denying any claims for the alleged vandalism loss due to its belief that TJS and Thomas Sicalides made material misrepresentations that would have voided the insurance policy.

In a non-jury trial before the Honorable John W. Herron, TJS presented testimony in support of its bad faith claim against Hartford on March 6, March 27, and May 29, 2002. Furthermore, on March 27, 2002, by agreement of counsel and with the consent of the court, the entire record (including exhibits) of the earlier jury trial on TJS' breach of contract claim was incorporated into the bad faith trial. The breach of contract trial occurred between November 26 and December 3, 2001. Thus, TJS had ample opportunity to establish that Hartford acted in bad faith. However, TJS was unable to even establish a prima facie case of bad faith against Hartford, and the state court therefore entered a nonsuit against TJS. Accordingly, all of the elements are present for the application of collateral estoppel to plaintiffs' bad faith claim in this action, and Hartford should be granted summary judgment.

## IV. CONCLUSION

Based upon the foregoing arguments and authority, defendant, Hartford Casualty Insurance Company, respectfully requests that this Honorable Court enter summary judgment in its favor and against plaintiffs.

                                                Respectfully submitted,

                                                DUFFY & KEENAN

By: _____
PATRICK J. KEENAN, ESQUIRE
Attorney for Defendant,
Hartford Insurance Company
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pa 19106
215.238.8700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937 |

## CERTIFICATE OF SERVICE

I, Patrick J. Keenan, Esquire hereby certify that on October 17, 2002, I served a copy of **Defendant Hartford Casualty Insurance Company's Motion for Summary Judgment and accompanying Memorandum of Law** by U.S. mail, to the following counsel:

>Robin Gray, Esquire
>P.O. Box 4322
>Reading, PA 19606

DUFFY & KEENAN

By: _____
PATRICK J. KEENAN, ESQUIRE
Attorney for Defendant,
Hartford Insurance Company
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pa 19106
215.238.8700