IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>: CIVIL ACTION NO.<br>: 02-CV-2937 (CN)<br>:<br>:<br>:<br>: |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2002, upon consideration of plaintiffs' motion to compel the depositions of Brad Ryden, George Uhl and Andrew Biedermann, and the response thereto by defendant, Hartford Casualty Insurance Company, it is hereby ORDERED that plaintiffs' motion is DENIED.


BY THE COURT:


_____
                                                                J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>: CIVIL ACTION NO.<br>: 02-CV-2937 (CN)<br>:<br>:<br>:<br>: |

### DEFENDANT'S ANSWER TO PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF BRAD RYDEN, GEORGE UHL AND ANDREW BIEDERMANN

Defendant, Hartford Casualty Insurance Company ("The Hartford"), through its counsel, Duffy & Keenan, respectfully requests that this Honorable Court deny the plaintiffs' motion to compel the depositions of Brad Ryden, George Uhl and Andrew Biedermann, and responds to the averments in plaintiffs' motion as follows:

1. Admitted.

2. Admitted.

3. Denied. There was no agreement between counsel that the depositions of Brad Ryden, George Uhl and Andrew Biedermann would occur on October 2 or October 9, 2002. To the contrary, it was only agreed that counsel for the parties were available on those two dates for depositions. It was further agreed that the deposition of the plaintiff, Thomas Sicalides, would occur on October 1, which it did. The parties later agreed that the depositions of two employees of The Hartford, Alan Mycek and Joseph Carlin, would occur on October 9th, which they did.

Brad Ryden, George Uhl and Andrew Biedermann are partners and/or employees of Matson, Driscoll & Damico, an independent accounting firm. None of those individuals are employees of The Hartford. Thus, The Hartford cannot control the availability of those individuals, nor did Hartford's counsel ever agree that those individuals were available for deposition on October 2 or October 9.

Brad Ryden, George Uhl and Andrew Biedermann are available for deposition on October 23, 2002. Thus, their depositions have been scheduled for that date commencing at 10:00 a.m.

4. Admitted on information and belief.

5-10. Denied. The pages to plaintiffs' motion are not numbered, and plaintiffs did not serve The Hartford with what would appear to be the second page of the motion. Thus, Hartford is unaware of the allegations that may be set forth in paragraphs 5 through 10 of the motion, and they are deemed denied.

11. Denied. This Honorable Court should not compel the depositions of Brad Ryden, George Uhl or Andrew Biedermann. Prior to subpoenaing those individuals for deposition, plaintiffs did not determine their availability. Furthermore, they only provided those individuals with about six business days notice for their depositions. That is unreasonable notice. Moreover, the plaintiffs' motion is moot since these individuals have agreed to appear for deposition on October 23.

WHEREFORE, defendant, Hartford Casualty Insurance Company, respectfully requests that this Honorable Court deny the motion of plaintiffs to compel the depositions of Brad Ryden, George Uhl and Andrew Biedermann.

    Respectfully submitted,

    DUFFY & KEENAN

BY: _____
    PATRICK J. KEENAN, ESQUIRE
    Attorney for Defendant, Hartford
    Casualty Insurance Company
    The Curtis Center, Suite 1150
    Independence Square West
    Philadelphia, Pa 19106
    215.238.8700

DATE:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>:<br>: CIVIL ACTION NO.<br>: 02-CV-2937 (CN)<br>:<br>:<br>:<br>: |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF <u>BRAD RYDEN, GEORGE UHL AND ANDREW BIEDERMANN</u>

Although plaintiffs have failed to serve defendant Hartford Casualty Insurance Company ("The Hartford") with a complete copy of its motion as well as a proposed order, The Hartford assumes that plaintiffs are seeking to compel The Hartford to produce three independent witnesses for deposition: Brad Ryden, George Uhl and Andrew Biedermann of Matson, Driscoll & Damico ("Matson Driscoll employees").  The Matson Driscoll employees were retained by The Hartford to evaluate a business income loss claim submitted by TJS Brokerage & Company, Inc. as the result of an alleged vandalism incident that occurred on April 2, 1999.  They are not employees of The Hartford, nor are they under The Hartford's control.

Nonetheless, The Hartford's counsel has assisted in arranging the depositions of the Matson Driscoll employees. Their depositions are currently scheduled for October 23, 2002 at 10:00 a.m. Although the Matson Driscoll employees did not appear for a deposition that had been noticed for October 2, 2002, they were justified in not appearing. First, contrary to plaintiffs' assertion, there has never been an agreement between counsel for the parties that the Matson Driscoll employees would appear for deposition on October 2, 2002. Counsel only agreed that the

attorney themselves were available on October 2 and October 9. At the time of the discussion between counsel, Hartford's counsel had no way of knowing the availability of the Matson Driscoll employees. In fact, they were not available on that date. Second, the Matson Driscoll employees did not receive reasonable notice from plaintiffs for their depositions on October 2. Plaintiffs' counsel mailed a subpoena to them on September 23, 2002, and it was presumably received by them on or about September 25. Thus, the Matson Driscoll employees only received about six business days notice for their depositions. Federal Rule of Civil Procedure 45(c)(3)(A)(i) contemplates that a party must "allow reasonable time for compliance" with a subpoena. This was not done.

Accordingly, plaintiffs' motion to compel the depositions of the Matson Driscoll employees should be denied. The employees were not given reasonable notice for their depositions, and plaintiffs' motion is now moot since the Matson Driscoll employees have agreed to appear for deposition on October 23, 2002.

                                Respectfully submitted,

                                DUFFY & KEENAN

BY: _____
     PATRICK J. KEENAN, ESQUIRE
     Attorney for Defendant, Hartford
     Casualty Insurance Company
     The Curtis Center, Suite 1150
     Independence Square West
     Philadelphia, Pa 19106
     215.238.8700

DATE:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>:<br>: CIVIL ACTION NO.<br>: 02-CV-2937 (CN)<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on July 23, 2002, I sent a true and correct copy of Defendant, Hartford Casualty Insurance Company's Answer to Plaintiffs' Motion to Compel Depositions of Brad Ryden, George Uhl and Andrew Biedermann and accompanying Memorandum of Law, by U.S. mail, to the following:

>Robin Gray, Esquire
>P.O. Box 4322
>Reading, PA 19606

>DUFFY & KEENAN

>BY: _____
>PATRICK J. KEENAN, ESQUIRE
>Attorney for Defendant, Hartford
>Casualty Insurance Company
>The Curtis Center, Suite 1150
>Independence Square West
>Philadelphia, Pa 19106
>215.238.8700

DATE:_____