IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937 |

# O R D E R

AND NOW, this _____ day of _____, 2002, upon

consideration of the motion for partial summary judgment of plaintiffs, Thomas J. Sicalides, T&T

Transportation, Michaels, Inc., and Millennium, Inc., and the response thereto by defendant,

Hartford Casualty Insurance Company, it is **ORDERED** that plaintiffs' motion is **DENIED.**

BY THE COURT:

_____
                                                                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937 |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

This is an action for an alleged breach of contract and bad faith arising from a commercial property insurance policy issued by defendant, Hartford Casualty Insurance Company ("Hartford") to plaintiffs, Thomas Sicalides, T&T Transportation, Michaels, Inc., and Millennium, Inc. ("plaintiffs"). Plaintiffs move for partial summary judgment on their breach of contract claims based solely upon the doctrine of collateral estoppel.  Since the issues decided in the previous action cited by plaintiffs significantly differ from the determinative issues in this case, plaintiffs may not rely upon collateral estoppel.  Moreover, as is addressed in its own motion, Hartford is entitled to summary judgment since plaintiffs' action is untimely and collateral estoppel precludes plaintiffs' bad faith claim.  Therefore, Hartford respectfully requests that this Honorable Court grant it summary judgment and deny plaintiffs' motion for summary judgment.

## II.    <u>BACKGROUND</u>

According to the complaint, plaintiff Thomas Sicalides is the owner of TJS Brokerage & Company, Inc. ("TJS"), which is a transportation brokerage company located at 4940 Disston Street in Philadelphia, Pennsylvania.  (Plaintiffs' complaint, ¶2 & 9, attached hereto as **Exhibit A**).  TJS is <u>not</u> a party in this action.   Plaintiff Sicalides is also the "part owner" of plaintiffs T&T Transportation, Michaels, Inc., and Millennium, Inc., which he "set up" to be "run in conjunction with TJS...." (Plaintiffs' complaint, ¶11).  They are "subcompanies" of TJS.  (Plaintiffs' complaint, ¶12, 13, 25).

On April 2, 1999, plaintiffs allege that the property of TJS was vandalized by Vincent Sicalides, and that various "computer equipment" was destroyed.  (Plaintiffs' complaint, ¶12). The alleged vandalism "resulted in a significant shutdown and interruption of TJS' and the Plaintiff sub companies' operations."  (Plaintiffs' complaint, ¶28).  This allegedly caused "TJS and the plaintiff subcompanies" to suffer a loss of business income.  (Plaintiffs' complaint, ¶35).

At the time of the alleged vandalism, TJS and plaintiffs were insured by a commercial property insurance policy, no. 39 UUCLE 4914, that was in effect from June 18, 1998 to June 18, 1999.  (Plaintiffs' complaint, ¶14; commercial property insurance policy (no. 39 UUCLE 4914), attached hereto as **Exhibit B**).  Plaintiffs claim that Hartford received notice of the loss on April 5, 1999.  (Plaintiffs' complaint, ¶40).  Plaintiffs allege that Hartford paid approximately $594,000 "in advance for certain property damage and lost business income." (Plaintiffs' complaint, ¶71).  Plaintiffs further allege that "Hartford unilaterally stopped paying on the claim in June 1999...." (Plaintiffs' complaint, ¶46).

On December 22, 1999, TJS filed suit against Hartford in the Philadelphia Court of Common Pleas. (The complaint filed by TJS ("TJS' complaint") is attached without exhibits hereto as **Exhibit C**).[1]  The allegations in the complaint filed by TJS generally mirror those in the complaint filed in this action.  In fact, TJS' complaint states that T&T Transport, Michaels, Inc., and Thomas Sicalides are "[o]ther entities entitled to the insurance coverage provided by the Hartford Policy...."  (TJS' complaint, ¶15).  However, T&T Transport, Michaels, Inc., Millennium and Thomas Sicalides were not named as parties in the suit filed by TJS.

In the breach of contract action filed by TJS, the trial court granted Hartford a compulsory nonsuit and judgment notwithstanding the verdict on all of TJS' claims except for loss of business income. (Trial transcript, 11/29/01, TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company, p. 91-97, 100-101 attached hereto as **Exhibit D**).  TJS was awarded $650,000 for its business income loss claim by the jury.  (Trial transcript, 12/3/01, TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company, p. 96, attached hereto as **Exhibit E**).  That award is presently on appeal with the Superior Court.

Moreover, on July 26, 2002, the trial court granted Hartford's motion for a compulsory nonsuit on TJS' claim for bad faith under 42 Pa. C.S. §8371.  (Memorandum Opinion and Order dated July 26, 2002 in TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company, attached hereto as **Exhibit F**).  The court found that Hartford had a good faith basis for denying TJS' insurance claim based upon fraud.  In particular, the court found that Hartford had a reasonable basis for believing that TJS misrepresented several material facts regarding its claim including, inter alia, (a) the whereabouts of the claimed vandal after the incident, (b) that TJS did not have undamaged computer back up tapes that contained its financial information, (c) the

---

[1]A complete copy of the TJS complaint is attached to Hartford's motion for summary judgment as Exhibit C.

amount TJS paid to replace a damaged phone switch, and (d) the manner in which the alleged

vandalism loss occurred.  (**Exhibit F** at 5).

### III.    ARGUMENT

#### A.    Standard For Summary Judgment

Federal Rule of Civil Procedure 56 addresses the procedural requirements for a motion for

summary judgment.  This Rule states as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if
> any, show that there is no genuine issue of material fact and that the moving party
> is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

In order to prevail on a summary judgment motion, it is not enough for the moving party to

provide a scintilla of evidence supporting its position.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 252 (1986).  Summary judgment can only be granted by the Court when the record taken as

a whole could not lead a rational trier of fact to find for the non-moving party.  Matsushita Elec Ind.

Co. v. Zenith Radio Corp., 475 U.S. 574, 487 (1986).  Moreover, "it is clear enough ... that at the

summary judgment stage the judge's function is not to [ ] weigh the evidence and determine the

truth of the matter, but to determine whether there is a genuine issue for trial." Anderson, 477 U.S.

at 249.

#### B.    Plaintiffs' May Not Use Collateral Estoppel to Preclude Hartford From Defending Their Claims Of Breach Of Contract On Grounds That Were Not At Issue In The Prior Action

In their supporting memorandum of law, plaintiffs erroneously argue that they are entitled

to partial summary judgment on their breach of contract claim based upon the doctrine of collateral

estoppel.  In particular, plaintiffs state that "[t]he issue decided in the prior adjudication, i.e., that

Hartford breached its contract with TJS, is identical to the issue of breach of contract in this present

case." (Plaintiffs' memorandum of law in support of motion for summary judgment at 5).  Nothing could be further from the truth.

Issue preclusion, also known as collateral estoppel, proscribes relitigation when the identical issue has already been fully litigated, and it applies when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party to or in privity with a party to the prior litigation; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. Board of Trustees of Trucking Employees v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).  Collateral estoppel cannot be applied to plaintiffs' breach of contract claim since the identical issues germane to their claims were not decided in a prior adjudication.

In the state court action, TJS asserted multiple claims of breach of contract against Hartford, and Hartford prevailed on all of the claims except one. The only claim that TJS prevailed on was for loss of business income.  TJS' claims for loss to business personal property and valuable papers were involuntarily dismissed by the court during the trial.  Thus, plaintiffs' broad assertion that Hartford was found to have "breached its contract with TJS" is patently false.

Even more significantly, plaintiffs were not parties in the suit filed by TJS against Hartford. Thus, Hartford did not raise in that action several defenses that uniquely apply to the claims of plaintiffs.  For example, unlike TJS, plaintiffs' breach of contract claims are precluded since they failed to comply with the condition in the insurance policy that suit be filed "within 2 years after the date on which the direct physical loss or damage occurred."  (Commercial Property Conditions Form, CP 00 90 88, ¶D, p. 1 of 2, attached as part of **Exhibit B** and separately attached by itself as **Exhibit G**).  As is detailed in Hartford's motion for summary judgment, plaintiffs filed this action against Hartford on January 3, 2002 by writ of summons in the Court of Common Pleas, Philadelphia County. In order for this action to have been timely filed, the "direct physical loss or

damage" must have occurred on or after January 3, 2000.  Plaintiffs' action is time barred since the direct physical loss or damage to the property occurred on April 2, 1999.

Plaintiffs also failed to with comply the condition in the insurance policy that Hartford be given "prompt notice of the loss or damage." (Building and Personal Property Coverage Form, CP 00 10 06 95, E. Loss Conditions, ¶3(a)(2), p. 6 of 11, **Exhibit B**).  Although the alleged vandalism occurred on April 2, 1999, none of the plaintiffs ever submitted a claim to Hartford prior to September 2001. (Defendant's answers to plaintiffs' interrogatories, ¶3, attached hereto as **Exhibit H**).    By letter dated September 17, 2001, plaintiffs' counsel sent defendant a "Settlement Memorandum and accompanying exhibits" in TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company.  Exhibit 1 identified an alleged "Summary of Business Income Losses" for T&T Freight Consolidators, and the document further states: "Still to be determined - losses to Millennium Business Solutions, Inc. - and Michaels Transport, Inc....." (Id.)  Exhibit 2 identified alleged "Personal Losses Incurred as of April 1999" to Thomas Sicalides.

On or about October 15, 2001, plaintiffs' counsel sent defendant a copy of a pretrial statement filed in TJS Brokerage & Company, Inc. v. Hartford Casualty Insurance Company.  In its pretrial statement, TJS identified losses allegedly sustained by T&T Freight Consolidators, Michaels Transport and Millennium Business Solutions.  TJS trial Exhibit 42 was a report by Young Adjustment Company, Inc., which identified alleged "Projected Business Income Loss" for Michaels Transport, Inc. as well as "Projected Business Income Losses for 'Millenium Solutions'". (Id.)

By waiting more than two years to present claims, plaintiffs violated the condition in the policy that required them to provide Hartford with "prompt" notice of their alleged losses or damages.  Since plaintiffs were not parties to the previous action filed by TJS, Hartford had no reason to raise this defense as part of that action.

Moreover, plaintiffs seek to recover for damage to business personal property that had been previously claimed by TJS in its prior action against Hartford.  Hartford prevailed on those claims, and plaintiffs are collaterally estopped from seeking those same damages in this case.  Similarly, Thomas Sicalides seeks to recover wages and benefits that he allegedly lost due to the claimed vandalism.  However, Mr. Sicalides' wages and benefits were part of the business income loss claim of TJS, which had been fully litigated in the prior action.  (See Report of Brad Ryden dated October 31, 2002 at 6, 8, 12, attached hereto as **Exhibit I).**  Thus, collateral estoppel would preclude Mr. Sicalides' claim as well.  Obviously, these collateral estoppel defenses could only be raised in this action, and they preclude plaintiffs' breach of contract claims.

## V.     CONCLUSION

Based upon the foregoing arguments and authority, defendant, Hartford Casualty Insurance Company, respectfully request that this Honorable Court deny the motion for partial summary judgment of plaintiffs.

Respectfully submitted,

DUFFY & KEENAN

By:     _____
PATRICK J. KEENAN, ESQUIRE
Attorney for Defendant,
Hartford Casualty Insurance Company
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pa 19106
215.238.8700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES : <br> T&T TRANSPORTATION : <br> MICHAELS, INC. : <br> MILLENNIUM, INC. : <br> : <br> vs. : <br> : <br> HARTFORD CASUALTY INSURANCE COMPANY : | CIVIL ACTION NO. <br> 02-CV-2937 |

## CERTIFICATE OF SERVICE

I, Patrick J. Keenan, Esquire hereby certify that on November 4, 2002, I served a copy of

Defendant Hartford Casualty Insurance Company's Memorandum of Law in Opposition to Plaintiffs'

Motion for Partial Summary Judgment by U.S. mail, to the following counsel:

> Robin Gray, Esquire
> P.O. Box 4322
> Reading, PA 19606

DUFFY & KEENAN

By: _____
PATRICK J. KEENAN, ESQUIRE
Attorney for Defendant,
Hartford Insurance Company
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pa 19106
215.238.8700