IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>: CIVIL ACTION NO.<br>: 02-CV-2937<br>:<br>:<br>:<br>: |

# O R D E R

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Non-party petitioner, Maria Sicalides, and Hartford's opposition thereto, it is **ORDERED** that Non-party petitioner's Motion is **DENIED** in its entirety. Non-party petitioner's objections to Hartford's subpoenas are stricken with prejudice. The subpoenaed entities are **FURTHER ORDERED** to produce the subpoenaed documents to Hartford's counsel within 14 days of the date of this Order.

**BY THE COURT:**

_____
**J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937 |

### HARTFORD'S RESPONSE IN OPPOSITION TO NON-PARTY PETITIONER'S MOTION TO QUASH SUBPOENAS

Defendant Hartford Casualty Insurance Company ("Hartford"), by and through its counsel, Duffy and Keenan, respond in opposition to Non-party petitioner Maria Sicalides' Motion to Quash as follows:

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted that to date, no discovery has been sought directly from petitioner.

5. Admitted.

6. Admitted in part; denied in part. It is admitted that Non-party petitioner was not served with copies of the subpoenas because she was not required to be served. Any and all remaining allegations are denied. Hartford is without knowledge sufficient to form a belief as to the truthfulness of the allegations regarding how Non-party petitioner allegedly learned of the

subpoenas.

7. Denied. Hartford is without knowledge sufficient to form a belief as to the truthfulness of the allegations in this paragraph, since those allegations relate to what Non-party petitioner allegedly believes.

8. Denied. Hartford is without knowledge sufficient to form a belief as to the truthfulness of the allegations in this paragraph, since those allegations relate to what Non-party petitioner allegedly believes.

9. Denied. Hartford is without knowledge sufficient to form a belief as to the truthfulness of the allegations in this paragraph, since those allegations relate to knowledge within the possession of Non-party petitioner only.

10. Denied.

11. Denied. To the extent any such information does exist, Hartford contends that it is authorized to obtain this information in order to determine, *inter alia*, whether income and assets were transferred to Ms. Sicalides in order to understate the financial condition of Mr. Sicalides.

12. Denied. See response to Paragraph 11.

13. Admitted in part; denied in part. It is admitted only that Non-party petitioner's counsel sent Hartford's counsel a letter dated September 19, 2002. Any and all remaining allegations in this paragraph are denied. The letter is a document that speaks for itself.

14. Denied. The allegations contained within this paragraph are self-serving characterizations and/or conclusions of law to which no response is required. To the extent a response is required, each and every allegation is denied.

15. Denied. Hartford is without knowledge sufficient to form a belief as to the truthfulness of the allegations in this paragraph, since those allegations relate to what Non-party petitioner allegedly believes.

16.    Denied.  The allegations contained within this paragraph are vague and/or unintelligible.  Moreover, they appear to constitute conclusions of law to which no response is required.

WHEREFORE, Defendant Hartford Casualty Insurance Company respectfully requests that the Court enter an Order denying Non-party petitioner's motion in its entirety and further directing all subpoenaed entities to produce the requested information within 14 days of the date of the Court's Order.

Respectfully submitted,

DUFFY & KEENAN

By: _____
PATRICK J. KEENAN, ESQUIRE
Attorney for Defendant,
Hartford Casualty Insurance Company
The Curtis Center, Suite 1150
Independence Square West
Philadelphia, Pa 19106
215.238.8700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | CIVIL ACTION NO.<br>02-CV-2937 |

**MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY
PETITIONER'S MOTION TO QUASH SUBPOENAS**

**I.   INTRODUCTION**

This is an action for an alleged breach of contract and bad faith arising from a commercial property insurance policy issued by defendant, Hartford Casualty Insurance Company ("Hartford") to plaintiffs, Thomas Sicalides, T&T Transportation, Michaels, Inc., and Millennium, Inc.

As part of his claim, Plaintiff alleges that he has not received income from his businesses and that he has had to sell assets in order to support his family. (A copy of Plaintiff's complaint is attached as **Exhibit A**. See e.g., ¶1, 37.)

In order to determine the veracity of this claim, in discovery, Hartford properly issued subpoenas to a number of third parties, including, without limitation, M&T Bank, Herbert Feinstein, Summit Bank (Fleet/Boston Financial), Brandywine Motor Cars, MML Investor Services, Inc., Charles J. Whipple, III, Frank E. Bockius, and First Union National Bank (collectively "subpoenaed entities"). (Copies of the referenced subpoenas are attached as **Exhibit B**.) The information sought from some, of the subpoenaed entities, includes documentation sent to and/or received

from Plaintiff and/or Maria Sicalides - the Non-party petitioner.

Non-party petitioner Maria Sicalides, is the wife of Plaintiff. She has filed this motion claiming that Hartford is not entitled to any information from the subpoenaed entities because the information requested is "overly broad" and might contain allegedly "personal, private and confidential" information.

Non-party petitioner's motion is without merit and it should be denied in its entirety. Moreover, the subpoenaed entities should be directed to produce any and all requested information within fourteen days of the date of the Court's Order.

## II.  ARGUMENT

### A. The definition of relevancy is extremely broad, and the discovery rules are to be liberally construed.

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action" Fed. R. Civ. P. 26(b)(1).

In addition, Rule 26 expressly provides that information is discoverable as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case." Davis v. General Accident Ins. Co. of America, 1999 WL 228944 at *2 (E.D. Pa. April 15, 1999).[1] Discovery will be considered relevant "if there is any possibility that the information may be relevant to the general subject matter of the action." Id. (emphasis added).

Moreover, it is axiomatic that the Court has expansive discretion to manage discovery.

---

[1] For the Court's convenience, a copy of the Davis holding is attached as **Exhibit C**.

Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 134 (E.D. Pa. 2001). Furthermore, "discovery rules are to be accorded broad and liberal construction." Davis at *2.

### B. A heavy burden is on non-party petitioner to try to justify her motion to quash.

Federal Rule of Civil Procedure 45 authorizes the Court to quash or to modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies" or it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii and iv).

The movant bears the burden of proving "good cause" to justify quashing a subpoena. Wright v. Montgomery County, 1998 WL 962100 at *6 (E.D. Pa. December 22, 1998).[2] Furthermore, in order to justify an "undue burden," the movant bears a "heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" Davis at *1.

### C. Non-party petitioner's motion may be moot.

Non-party petitioner's motion addresses only information sought from the subpoenaed parties that pertain to her individually or jointly with non-parties. She is <u>not</u> objecting to the production of any information held by her and her husband, the Plaintiff. As will be detailed below, Hartford contends that all of Non-party petitioner's objections should be overruled in their entirety.

However, at this time, Hartford does not know if any of the requested information falls into the categories to which Non-party petitioner objects. In fact, upon information and belief, the requested information does not. This is based on the recent deposition testimony of Plaintiff. At his deposition on October 2, 2002, the following statements were made by Plaintiff and his counsel, Robin Gray:

> MS. GRAY: And we can go back on. What my client suggested,

---

[2] For the Court's convenience, a copy of the Wright holding is attached as **Exhibit D**.

-3-

>   to be clear on my on my objection, I am talking about any accounts solely with her name. If there is any joint account or anything, there is no problem, I have no objection to that regarding any line of credit or anything where both parties are named because they are husband or wife. So my questions are solely because of her, regarding her only.
>   BY MR. KEENAN:
>   Q.  <u>Do you know whether or not your wife does have accounts which are solely in her name</u>?
>   A.  <u>I really don't know. I don't believe so</u>.

(Copies of the relevant pages of the October 2, 2002 deposition of T. Sicalides are attached as **Exhibit E**. See p. 18 (l. 10-25).)

Based on Plaintiff's testimony, it may be there Non-party petitioner's objections are moot.

### D. <u>The information sought from the subpoenaed entities is objectively relevant</u>.

In this case, the information sought is documentation intended to determine if Plaintiff has improperly transferred and/or hidden assets in order to make it appear as if he has not received any money from his businesses and/or that he has had to sell assets in order to support his family. There can be no credible argument made that assets held jointly with his wife and/or others are not relevant to this issue. Similarly, Plaintiff's wife's financial holdings and information are critical to this issue.

By way of example only, if the requested information reveals that over the past three years, Plaintiff has transferred and/or directed all of the income from Defendants T&T Transportation, Michaels, Inc., and Millennium, Inc. to Non-party petitioner and/or to other family members, this information would be directly relevant to defeat Plaintiff's claims. Therefore, at the very least, the information sought from the subpoenaed entities is reasonably calculated to lead to the discovery of admissible evidence, and Hartford's subpoenas should be enforced.

The relevancy of the requested information was further crystalized during the recent deposition of Plaintiff. During his deposition, the following transpired:

> Q. Did your wife ever have a line of credit <u>that you had access to</u>?
> MS. GRAY: Objection, to any relevance regarding Marie Sicalides in this case. She is not a party.
> MR. KEENAN: Are you instructing him not to answer? IT has nothing to do with any type of privilege.
> MS. GRAY: Well, there is a privilege between husband and wife and any conversation. I will object to the relevancy. She is not a party to this action, so I don't know what the purpose of the question is. Would you agree?
> MR. KEENAN: Sure. The purpose of the question is that there is an allegation that Mr. Sicalides has had to obtain loans, sell life insurance policies and to do other measures because of this insurance claim because he cannot support his family otherwise, and therefore, my client has a right to know whether or not his family keeps certain assets in the name of Marie Sicalides to make it look like Mr. Sicalides has less assets than, in fact, he really does.
> So <u>just because they are husband and wife doesn't mean that Mr. Sicalides can shield his financial status by using accounts solely in the name of his wife</u>. So from my client's standpoint, we have every right to know about access or accounts that his wife has which he would have had access to since they are husband and wife
> MS. GRAY: Okay. I would object. I mean, she is not a party to this action. You know, there has been no allegation made except for what you just said, you know, about any type of shielding or anything like that in any defenses, so I would object that she is not a party to this and, you know, I mean <u>I would instruct him not to answer that</u>.

(See **Exhibit D** at p. 15 (l. 17-25); 16 (l. 1-25); 17 (l. 1-10) (emphasis added).)

As the above quote demonstrates, in response to a question regarding his access to his wife's assets, Plaintiff's counsel went into an extensive soliloquy regarding the alleged non-relevance of Non-party petitioner's assets and directed her client not to answer. This has raised even more questions for Hartford. Hartford submits that the testimony of Plaintiff and the overly-broad objection and direction not to answer by his counsel further establish the relevance of the subpoenaed information.

In her memorandum of law, Non-party petitioner boldly claims concludes that her financial information cannot lead to the discovery of admissible evidence. (See Non-party petitioner's memo at p. 4.) As detailed above, this is simply not true. There are innumerable scenarios under which

the requested information could possibly lead to the discovery of admissible evidence. Moreover, Non-party petitioner has cited absolutely no law to support her position. This is because none exists.

Based on the objective relevancy of the information sought, Hartford should be entitled to obtain the requested information from the subpoenaed parties in order to evaluate Plaintiff's claims. This includes, without limitation, information on assets that are held by Plaintiff jointly with Non-party petitioner and/or owned by Non-party petitioner alone.

### E. The subpoenaed information regarding Non-party petitioner, to the extent it exists is not privileged; it is not otherwise protected, and it does not subject Non-party petitioner to any burden.

In this case, Non-party petitioner is not making a claim that any of the information sought is privileged. Moreover, the information sought is not sought from her. It is sought from third parties. Therefore, Hartford's subpoenas do not and cannot be said to subject Non-party petitioner to any burden whatsoever. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).

Non-party petitioner relies on her self-serving claim that the some of the information sought from the subpoenaed parties is "personal, private and confidential." Contrary to Non-party petitioner's claim, the information requested is not otherwise protected. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii.)

In her memorandum of law, Non-party petitioner relies exclusively on a selected quote from Packer v. Hansen, 1999 WL 1038343 (E.D. Pa. November 12, 1999)[3] for her claim that her financial information is not discoverable. More specifically, Non-party petitioner claims that Packer stands for the proposition that tax returns are confidential communications between the taxpayer and the government, "and both public policy and concern for the taxpayer's privacy interests

---

[3] For the Court's convenience, a copy of the Packer holding is attached as **Exhibit F**.

counsel against their general discoverability." Id. at *3.

Non-party petitioner's reliance is misplaced. The Packer holding does include the selected quote. However, it proceeds to explain that there are various circumstances under which tax returns are discoverable, and "there is no privilege against disclosure." Id. Ultimately, the holding of the Packer Court was that discoverability of tax returns must be made on a case by case basis. Id.

Furthermore, Non-party petitioner extrapolates her self-serving interpretation of Packer to apply to requests for all financial information.[4] There is no basis whatsoever for Non-party petitioner's assumption that the selected quote from Packer on which she relies (which does not even apply as a firm rule to tax returns) precludes the production of any and all financial information that might pertain to her.

### F. Hartford's subpoenas are not overly broad.

In her opposition, Non-party petitioner claims that Hartford's subpoenas are "overly broad." (See Non-party petitioner's motion at ¶10.) Non-party petitioner does not address this issue in her memo of law. Therefore, Hartford contends that Non-party petitioner has waived this argument.

Moreover, a general allegation that a subpoena is overly broad is not sufficient. Davis at *3. Since Non-party petitioner has done nothing but make an unsupported allegation, Hartford submits that she has not satisfied her burden. Therefore, Non-party petitioner's motion should be denied.

### III. CONCLUSION

For the reasons set forth above and in Hartford's response in opposition to Non-party

---

[4] The subpoenaed information seeks primarily financial information, such as loan documents and account statements. However, to the extent it includes tax returns, Hartford contends those are discoverable in this case. As detailed in Section D, the information is objectively relevant. In addition, Non-party petitioner has not shown that there is no compelling need for the information, and therefore, she has not met her burden. See Packer at *3.

petitioner's motion to quash, Hartford respectfully requests that the Court enter an Order denying Non-party petitioner's motion in its entirety and further directing that the subpoenaed entities respond in full to Hartford's subpoenas within fourteen days of the date of the Court's Order.

    Respectfully submitted,

    DUFFY & KEENAN


By: _____
    PATRICK J. KEENAN, ESQUIRE
    Attorney for Defendant,
    Hartford Casualty Insurance Company
    The Curtis Center, Suite 1150
    Independence Square West
    Philadelphia, Pa 19106
    215.238.8700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. SICALIDES<br>T&T TRANSPORTATION<br>MICHAELS, INC.<br>MILLENNIUM, INC.<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | :<br>:<br>:  CIVIL ACTION NO.<br>:  02-CV-2937<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Patrick J. Keenan, Esquire hereby certify that on November 6, 2002, I served a copy of Defendant Hartford Casualty Insurance Company's Response and accompanying Memorandum of Law in Opposition to Non-party petitioner's Motion to Quash Subpoenas by U.S. mail, to the following counsel:

    Robin Gray, Esquire
    P.O. Box 4322
    Reading, PA 19606
    (Counsel for Plaintiffs)

    Joel M. Flink, Esquire
    Ginsberg LLC
    1420 Walnut Street, Suite 1010
    Philadelphia, PA 19102
    (Counsel for Non-party petitioner Marie Sicalides)

                                            DUFFY & KEENAN

                      By: _____
                            PATRICK J. KEENAN, ESQUIRE
                            Attorney for Defendant,
                            Hartford Insurance Company
                            The Curtis Center, Suite 1150
                            Independence Square West
                            Philadelphia, Pa 19106
                            215.238.8700