```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS J. SICALIDES,            :      CIVIL ACTION
T & T TRANSPORTATION,           :
MICHAELS, INC., and             :
MILLENIUM INC.,                 :
                                :
      PLAINTIFFS,               :
                                :
      v.                        :
                                :
HARTFORD CASUALTY INSURANCE     :
COMPANY,                        :
                                :
      DEFENDANT.                :      NO. 02-2937
```

**O R D E R**

AND NOW, this    day of December, 2002, upon consideration of Plaintiffs' Motion for Partial Summary Judgment (Doc. 14), the Defendant's response, the Defendant's Motion for Summary Judgment (Doc. 12) and the Plaintiffs' response, for the reasons stated below, the Plaintiffs' motion is DENIED, and the Defendant's motion is DENIED in part and GRANTED in part.  It is ORDERED that summary judgment be entered in favor of the Defendant and against the Plaintiff on Count II of the complaint (Statutory Bad Faith).

I.  **Facts**

This case involves an insurance dispute.  The Defendant entered into an insurance contract with TJS Brokerage &

1

Company Inc. (TJS). While TJS was the primary insured under the contract, the contract also covered the Plaintiffs in this action. Plaintiff Thomas Sicalides owns TJS and the Corporate Plaintiffs in this action. The Plaintiff Corporations and TJS do business from the same location in Philadelphia, Pennsylvania.

In April 2, 1998, Vicent Sicalides, Plaintiff Thomas Sicalides' brother, allegedly vandalized the business location of TJS and the Corporate Plaintiffs. This incident allegedly resulted in significant property loss and bussiness losses to TJS and the Plaintiffs. TJS submitted a claim to the Defendant.

On December 22, 1999, TJS sued the Defendant in state court over the handling of its claim. TJS alleged that the Defendants had breached the insurance contract and violated the Pennsylvania Bad Faith Insurance Act. Following the trial, the state court granted the Defendant's Motion for Compulsory Nonsuit on the bad faith claim. See <u>TJS Brokerage & Co., Inc. v. Hartford Causalty Ins. Co.</u>, Dec. Term, 1999 No. 2755 (C.C.P. Phil. Dec. 2002)(Opinion and Order Granting Defendant's Motion for Nonsuit ). The jury found that the Defendant breached the contract with regard to the processing of TJS's business loss claim. See Exb. E to the

Defendant's Memorandum in Support of Its Motion for Summary Judgment, <u>Sicalides v. Hartford Causalty Ins. Co.</u>, No. 02-2937 (E.D. Pa., filed Oct. 17, 2002).  The jury awarded TJS $650,000 dollars in damages.  <u>Id</u>.

Following the conclusion of the state court action, the Plaintiffs filed this lawsuit on January 3, 2002.  The Plaintiffs have made the same allegations as TJS made in the prior action, breach of contract and statutory bad faith.  The current matter involves the same contract and the same vandalism incident discussed above.

The Plaintiffs' have moved for summary judgment on their breach of contract claim, arguing that the Defendant is barred by the doctrine of collateral estoppel from relitigating the issue of liability.  The Defendant moved for summary judgment on the breach of contract claim, arguing that the current action is barred by the time limitation for filing suit contained in the parties' contract.  The Defendant further argues that the Plaintiffs' are collaterally estopped from relitigating their bad faith claim and that the statute of limitations on the bad faith claim has expired.

**II. Analysis**

    **A.  Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c) (1994).  A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant.  See Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3rd Cir. 1992).

    **B.  Neither Party is Entitled to Summary Judgment on Plaintiff's Breach of Contract Claim**

Summary judgment on the breach of contract claim is inappropriate because genuine issues of fact remain as to whether the contractual two year limitation on filing suit bars the Plaintiffs' claim.  The insurance contract between the parties requires the Plaintiffs to bring any legal

action "within 2 years after the date on which the direct physical loss or damage occurred." This type of provision is clearly enforceable under Pennsylvania Law. <u>Schreiber v. Penn Lumbermann's Mut. Ins. Co.</u>, 598 Pa. 21, 24 (1982). The damage to the Plaintiffs in this case occurred on April 2, 1998. This suit was not filed until January 3, 2002, more than two years after the incident.

      Summary judgment for the Plaintiff on this claim is not proper because the running of the two year contractual limitation period prevents the application of the doctrine of collateral estoppel. The first element of collateral estoppel is that "the issue decided in the prior adjudication was identical with the one presented in the later action." <u>Safeguard Mutual Ins. Co. v. Williams</u>, 463 Pa. 567, 574 (1975). Identity of issues is destroyed when there are changed circumstances as to the controlling facts of the two cases. <u>Scooper Dooper, Inc. v. Kraftco Corp.</u>, 494 F.2d 840, 845-46 (3d. Cir. 1974). In this case the controlling facts have clearly changed. The two year limitation had not run when the state court action was filed. The passage of time in this case provides the Defendant with a potential defense to liability that was not available in the prior proceeding. Accordingly, summary

judgement on the basis of collateral estoppel on this claim is inappropriate.

The Defendant, however, is not entitled to summary judgment on this claim because factual issues remain as to whether the two year contractual limitations period has been tolled. If the course of dealing between the parties would lead a insured party to reasonably expect that the time period for filing suit was not running, then the limitation will not bar an action against an insurer. <u>Bowersox Truck Sales and Service, Inc. v. Harco National Ins. Co.</u>, 209 F.3d 273, 278-79 (3d. Cir. 2000). In this case, the Defendant continued to adjust claims arising out of the vandalism incident as late as August 2000. Considering these actions a reasonable jury could conclude that the Plaintiffs believed that the "clock was not ticking" on the contractual time limitation. <u>See</u> <u>Id</u>. (reversing grant of summary judgment when the insurer continued to request information from the insured).

### C. Plaintiff's Bad Faith Claim is Barred by the Doctrine of Collateral Estoppel

The Plaintiff is barred from relitigating the issue of whether the Defendant acted in bad faith when

adjusting insurance claims made my the Plaintiffs and TJS. The state court determined that the Defendant had a reasonable basis for denying TJS's claim, and therefore, had not acted in bad faith. This adjudication prevents the Plaintiffs from raising this issue again.

In addition to requiring the identity of issues discussed above, collateral estoppel further requires that "2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action." Safeguard, 463 Pa. at 574. The Plaintiffs argue only that the issues in this action are not identical to the those in the state court action.

The Plaintiffs argue that the issues in this case relating to their bad faith claim are not identical because of discrepancies in the testimony of one of the Defendant's employees relating to the Plaintiffs' Steam and Boiler Coverage. In his deposition before the prior proceeding, an employee of the Defendant stated that he had put Hartford Steam and Boiler on notice of a claim, but did nothing further. In discovery relating to the current case, the

Plaintiff learned facts that indicate that the employee did do some work regarding the Steam and Boiler Coverage, but that the claim was not properly adjusted.

These newly discovered facts, however, are not changed factual circumstances.  The changed circumstances that preclude collateral estoppel, must be either events that took place between the prior litigation and the present one, or at least those that could not have been discovered in the prior case.  See Karibjanian v. Chromalloy Pharmaceutical, Inc., 1991 U.S. Dist. LEXIS 8890, at *3(E.D.Pa. March 13, 1991) (stating that a "party may not assert a change in controlling facts when the facts. . . could have been discovered in the exercise of due diligence") (quoting Klein v. Commissioner of Internal Revenue, 880 F.2d 260, 263 (10th Cir. 1989)).  None of the facts relating to the Steam and Boiler Coverage have occurred in the time between the two actions.  Moreover, the Plaintiff could have developed this theory in the prior proceeding had they diligently their discovery opportunities.  Accordingly, there are no changed circumstances to prevent the application of the doctrine of collateral estoppel.

**D. The Plaintiffs' Bad Faith Claim is Time Barred**

Although the doctrine of collateral estoppel requires that summary judgment be granted in favor of the Defendant on the bad faith claim, this claim is also time barred.  This Court has previously ruled that "a two year statue of limitations is proper for bad faith claims."  <u>Sun Co., Inc. v. Brown and Root Braun, Inc.</u>, 2000 U.S. Dist. LEXIS 17765, at *4 (E.D. Pa. Dec. 5, 2000).  There is substantial disagreement between courts as whether to apply a two year or six year statute of limitations to Pennsylvania's Bad Faith Insurance Act.  <u>See</u> <u>Friel v. Unum Life Ins. Co.</u>, 1998 U.S.Dist. LEXIS 18578 at *15-16 (E.D. Pa. Nov. 17, 1998) (applying a two year statute of limitations); <u>Woody v. State Farm Fire and Casualty Co.</u>, 965 F.Supp. 691 (E.D. Pa. 1997) (applying a six year statute of limitations).  Without any authoritative decision by the Pennsylvania Supreme Court, however, we stand by our earlier opinion that the two year statute is the preferred approach.

The two year statute of limitations on the Plaintiffs' bad faith claim has ran.  The statute of limitations on a bad faith claim begins to run when the bad faith conduct is visible to the insured.  <u>Adamski v. Allstate Ins. Co.</u>, 738 A.2d 1033 (Pa.Super. 1999).  In this

case, the conduct that was allegedly undertaken in bad faith was certainly visible to the Plaintiffs' by December of 1999, when TJS alleged bad faith in the state court action. Accordingly the statute expired in December of 2001, before the filing of the current action.

**III.  Conclusion**

For the above stated reasons, the Plaintiffs' Motion for Partial Summary Judgment is denied.  The Defendant's Motion for Summary Judgment is denied as to the Plaintiff's breach of contract claim, and granted as to the Plaintiff's bad faith claim, because that claim is barred by both the doctrine of collateral estoppel and the applicable statute of limitations.

AND IT IS SO ORDERED

_____
Clarence C. Newcomer, S.J.