IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. SICALIDES, et. al., | : | CIVIL ACTION |
| PLAINTIFFS, | : | |
| v. | : | |
| HARTFORD CASUALTY INSURANCE COMPANY, | : : | |
| DEFENDANT. | : | NO. 02-2937 |

**O R D E R**

AND NOW, this     day of December, 2002, upon consideration of the Defendant's Motion to Exclude Evidence Relating to Consequential Damages, and the testimony and arguments presented to this Court, said motion is GRANTED. It is FURTHER ORDERED that pursuant to Rule 50 of the Federal Rules of Civil Procedure judgment as a matter of law is GRANTED in favor of the Defendant and against the Plaintiffs.

The Plaintiffs' claims for consequential damages are barred both by the doctrine of collateral estoppel and Pennsylvania insurance law.  Accordingly, any evidence of these damages is irrelevant because they will not be permitted under the law to recover them.  SEE FED. R. EVID. 402 (West 2002)(prohibiting the admission of irrelevant evidence).

The Plaintiffs' have already had the opportunity to litigate their claims for consequential damages in the Court of Common Pleas of Philadelphia in the case of TJS Brokerage & Co., Inc. v. Hartford Casualty Ins. Co., Dec. Term, 1999 No. 2755 (C.C.P. Phil. Dec. 2002).  The Court of Common Pleas determined in that action that the Plaintiffs could not recover consequential damages.

1

The four elements required for collateral estoppel are present in this case.[1] First, the issue presented to this Court is identical to the issue of consequential damages presented to the Court of Common Pleas. The second element of collateral estoppel is also present because the state court did reach a final decision on the availability of consequential damages. The third requirement for collateral estoppel is that the Plaintiffs in this case are in privity with TJS. It is clear from the testimony given to this Court that Michaels, Millennium, T&T Transportation, and Mr. Sicalides were all in privity with TJS. They all shared a concurrent interest in the property that was destroyed by the vandalism incident and by virtue of being insured under the same policy as TJS they also had a concurrent interest in any claim made to the Defendant. The final element necessary for collateral estoppel is that the Plaintiffs had a full and fair opportunity to litigate the matter in the previous action. The Plaintiffs did have an opportunity to raise the issue of consequential damages in the state action, and in fact, Mr. Sicalides did raise that issue through TJS. The fact that they failed to recover consequential damages in the state action does not entitle the Plaintiffs to bring a new action in federal court, but instead their remedy lies in the state appellate courts.

---

[1] To preclude a party from relitigating an issue under the doctrine of collateral estoppel a court must find that "1) the issue decided in the prior adjudication was identical with the one presented in the later action 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action." Safeguard, 463 Pa. at 574.

Moreover, under Pennsylvania law in order to recover consequential damages for breach of an insurance contract there must be some bad faith conduct on the part of the insurance company. Birth Center v. St. Paul Companies, Inc., 787 A.2d 376, 389-90 (Pa. 2001). The issue of bad faith was decided against the Plaintiffs in this Court's earlier Order Granting Partial Summary Judgment, as well as the previous state court action.

Since the Defendants Motion in Limine is granted as to any evidence of damages in this case this case must be dismissed. Under Rule 50 of the Federal Rules of Civil Procedure a judgment may be entered against any party during a jury trial at any time it becomes clear that there is no legally sufficient evidentiary basis for a reasonable jury to find for that party. FED. R. CIV. PRO. 50(a)(1) (West 2002). The Plaintiffs will no longer be able to succeed in this action because they will not be able to present any evidence on an essential element of a breach of contract claim, specifically the element of damages. Accordingly, it is ordered that judgment be entered against the Plaintiffs and for the Defendant.